USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHAN *et al,*

                                    Plaintiff,

        -against-

                                                        26 Civ. 2650 (NSR)
                                                        ORDER

STATE OF NEW YORK THROUGH THE
GOVERNOR., *et al.,*

                                    Defendants.

NELSON S. ROMÁN, United States District Judge:

Plaintiff is directed to file an amended complaint on or before June 1, 2026, that complies with Federal Rule of Civil Procedure 8. The amended complaint must contain a short and plain statement of the claim showing that Plaintiff is entitled to relief, with factual allegations stated in a simple, concise, and direct manner sufficient to permit meaningful judicial review. *See* Fed. R. Civ. P. 8(a)(2), 8(e)(1). The current Complaint, which spans approximately 160 pages and is accompanied by extensive exhibits, does not comply with Rule 8's requirement of brevity and clarity. Rule 8 is intended to provide fair notice of the claims and permit efficient judicial review. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (holding that Rule 8 requires a short and plain statement sufficient to give defendants fair notice of the claims and the grounds upon which they rest); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (explaining that Rule 8 serves to sharpen the issues and confine litigation within reasonable bounds). Complaints that are excessively long, disorganized, or "chaotic" fail to satisfy Rule 8 and may be dismissed. *See Infanti v. Scharpf*, No. 06-CV-6552 (ILG), 2008 WL 2397607, at *1–2 (E.D.N.Y. June 10,

1

2008) (dismissing a prolix complaint spanning 90 pages with hundreds of paragraphs as noncompliant with Rule 8).

Furthermore, Plaintiff's current application for a temporary restraining order and preliminary injunction is DENIED without prejudice to renew. To obtain such relief, a party must demonstrate (1) irreparable harm in the absence of an injunction, and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them fair grounds for litigation, with a balance of hardships tipping decidedly in the movant's favor. *Andino v. Fischer*, 555 F. Supp. 2d 418 (S.D.N.Y. 2008). Plaintiff has failed to satisfy this standard. As a threshold matter, the Court cannot assess the merits of Plaintiff's claims—and thus cannot find a likelihood of success on the merits—on the basis of the current noncompliant complaint. Accordingly, Plaintiff's application for a temporary restraining order and preliminary injunction is DENIED. Plaintiff may renew the application upon filing an amended complaint that complies with Rule 8 and a motion that adequately addresses the requirements for such relief.

Dated:  April 16, 2026

White Plains, New York

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge