UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN KHAN and KELLY D. SHULTES,

Plaintiffs,

-against-

STATE OF NEW YORK, et al.,

Defendants.

26-cv-2650 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Karen Khan and Kelly D. Shultes ("Plaintiffs") filed this action against numerous federal, state, local, religious, corporate, and private defendants on March 31, 2026. (*See* ECF No. 1, Complaint.) On April 16, 2026, the Court directed Plaintiffs to file an amended complaint that complied with Federal Rule of Civil Procedure 8 and denied without prejudice Plaintiffs' application for a temporary restraining order ("TRO") and preliminary injunction. (ECF No. 19.) Plaintiffs filed a First Amended Complaint on June 1, 2026. (ECF No. 22.)

Before the Court is Plaintiffs' renewed application for a TRO and preliminary injunction under Federal Rule of Civil Procedure 65. (ECF No. 29.) Plaintiffs principally seek to prevent Defendant Bank of New York Mellon ("BNYM") from foreclosing upon or selling Plaintiff Khan's residence. (*See generally* ECF No. 28, ("Mem.").) Plaintiffs also seek an order prohibiting Defendants from enforcing what Plaintiffs describe as a "counterfeit church." (*Id.*)

For the reasons set forth below, the Court DENIES Plaintiffs' application.

## BACKGROUND

Plaintiffs allege that New York's Religious Corporations Law, the church-autonomy doctrine, and federal and state tax provisions have established and protected a "counterfeit church" that deprives women of personal autonomy and other constitutional rights. (Mem. at 2–8.)

Plaintiffs contend that BNYM's foreclosure proceeding against Plaintiff Khan is part of that alleged system. (*Id.*)

Plaintiffs represent that a hearing on BNYM's motion for foreclosure and sale is scheduled in New York Supreme Court, Dutchess County, on August 1, 2026. (*Id*. at 3-4.) They seek an order permitting Plaintiff Khan to remain in her residence and preventing BNYM from foreclosing upon or selling the property during the pendency of this action. (*Id*. at 2–3, 6–10.) Plaintiffs further assert that Defendants "will be served" with their submissions and that "[n]o further notice" is required before the Court grants emergency relief. (*Id*. at 8-9.)

**DISCUSSION**

The Court denies Plaintiffs' application because they have not satisfied the requirements for a TRO or preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *JTH Tax, LLC v. Agnant,* 62 F.4th 658, 666–67 (2d Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008)). A party seeking preliminary injunctive relief must establish that the party is "likely to succeed on the merits", is "likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips" in the party's favor, "and that an injunction is in the public interest." *Id*. at 667. Irreparable harm is "the single most important prerequisite" for preliminary injunctive relief and must be "neither remote nor speculative, but actual and imminent." *Id.* at 672.

To the extent Plaintiffs seek an ex parte TRO, they have not satisfied Rule 65(b)(1). A court may issue a TRO without notice only where specific facts clearly show that immediate and irreparable injury will occur before the adverse party can be heard and the movant certifies in writing the efforts made to provide notice and explains why notice should not be required. Fed. R.

Civ. P. 65(b)(1). These requirements reflect the "stringent restrictions" governing ex parte relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 438–39 (1974).

Plaintiffs state only that Defendants "will be served" and assert that no further notice is required. (Mem. at 9.) They do not identify any efforts already made to notify BNYM of the application or explain why BNYM cannot be heard before the Court acts. Plaintiffs therefore have not satisfied Rule 65(b)(1).

Plaintiffs also have not established that irreparable harm is actual and imminent. Although Plaintiffs identify an August 1, 2026 hearing on BNYM's motion for foreclosure and sale, they do not identify a scheduled foreclosure sale, eviction, transfer of title, or other injury that will occur before BNYM can receive notice and respond. (*Id*. at 3-4.) The existence of a hearing on a motion for foreclosure and sale, without more, does not establish that the threatened loss of the residence is sufficiently imminent to warrant emergency ex parte relief. *See JTH Tax*, 62 F.4th at 672.

Plaintiffs have likewise failed to demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits. Their submissions do not identify specific facts connecting BNYM's foreclosure proceeding to the Religious Corporations Law, the church-autonomy doctrine, or the challenged tax provisions. Plaintiffs do not explain what religious practice was imposed upon either Plaintiff or how any religious organization directed or participated in BNYM's foreclosure proceeding. Instead, Plaintiffs generally assert that BNYM commenced the foreclosure proceeding "in the enforcement of the counterfeit church." (Mem. at 3.)

Plaintiffs' conclusory allegations also do not establish that BNYM, a private entity, acted under color of state law or jointly participated with a governmental defendant in violating

Plaintiffs' constitutional rights. Constitutional protections generally erect[] no shield against "merely private conduct, however discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (quotation marks and citation omitted). Moreover, "conclusory, vague, or general allegations" of a conspiracy between private and governmental actors are insufficient to state a constitutional claim. *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). Plaintiffs' assertion that BNYM, government agencies, religious entities, and state courts participated in a broad conspiracy does not substitute for facts connecting BNYM's conduct to an actionable constitutional violation.

Finally, Plaintiffs' request for an order prohibiting Defendants from "enforcing the counterfeit church" is insufficiently specific. (*See generally* Mem.) Rule 65 requires an injunction to "state its terms specifically" and to "describe in reasonable detail" the conduct restrained. Fed. R. Civ. P. 65(d)(1). These requirements ensure that an enjoined party receives clear notice of precisely what conduct is prohibited. *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). Plaintiffs' proposed prohibition does not identify any particular act that Defendants would be required to take or refrain from taking.

Because Plaintiffs have not established irreparable harm, a likelihood of success on the merits, or compliance with Rule 65's notice and specificity requirements, the Court need not separately address the remaining equitable factors.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' application for a temporary restraining order and preliminary injunction is DENIED. The Court declines to issue Plaintiffs' proposed Order to Show Cause.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to any Plaintiff who is not receiving electronic service.

Dated: July 15, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge