UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHAN *et al,*

Plaintiff,

-against-

STATE OF NEW YORK THROUGH THE GOVERNOR., *et al.*,

Defendants.

26 Civ. 2650 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

Before the Court is Plaintiffs' motion for reconsideration of the Court's July 15, 2026 Opinion & Order denying Plaintiffs' application for a temporary restraining order and preliminary injunction. (ECF No. 38; ECF No. 39 ("Mem."); *see* ECF No. 32 (the "Opinion").) For the reasons set forth below, the motion is DENIED.

Reconsideration under Local Civil Rule 6.3 is an extraordinary remedy, available only where the movant identifies controlling decisions or factual matters the Court overlooked that might reasonably be expected to alter its conclusion. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is not a vehicle to relitigate issues already decided or to express disagreement with the Court's ruling. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).[1]

[1] Although Plaintiffs also invoke Federal Rule of Civil Procedure 52, that rule does not apply to the Court's denial of interlocutory relief without an evidentiary hearing, and the Court construes the motion under Local Civil Rule 6.3.

Plaintiffs' motion largely repeats the arguments the Court considered and rejected in the Opinion: that the pending foreclosure proceeding establishes imminent irreparable harm, that their submissions demonstrate a likelihood of success, and that Defendant Bank of New York Mellon ("BNYM") acted under color of state law. (*Compare* Mem. at 2–10, *with* Opinion at 3–4.) Reliance on the same authorities the Opinion applied, including *Winter*, *Granny Goose*, and *Ciambriello*, identifies nothing the Court overlooked, only disagreement with how the Court applied them. That is not a basis for reconsideration. *Analytical Surveys*, 684 F.3d at 52.

Plaintiffs' remaining contentions fare no better. Plaintiffs contend that the Court overlooked Plaintiff Khan's certification of efforts to notify BNYM. (Mem. at 3; *see* ECF No. 27 ¶¶ 24–25, 60.) It did not. The cited paragraphs describe notice of an earlier application, denied on April 16, 2026 (ECF No. 19), and a promise to notify BNYM's counsel when Plaintiffs refiled; as to the remaining Defendants, the affidavit asserts that no notice is required.[2] None of that certifies efforts to give notice of the pending application, as Rule 65(b)(1) requires. In any event, the Opinion rested independently on Plaintiffs' failure to establish irreparable harm or a likelihood of success on the merits. (Opinion at 3–4.) The state-court orders Plaintiffs cite change nothing: they identify no scheduled foreclosure sale, transfer of title, or eviction, and they do not connect BNYM's foreclosure proceeding to an actionable constitutional violation. (*Id.*)

Accordingly, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 38 and to mail a copy of this Order to any Plaintiff who is not receiving electronic service.

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

Dated: August 3, 2026
White Plains, New York

[2] To the extent Plaintiffs renew their request that the corrections set forth in the affidavit be deemed part of the Amended Complaint (Mem. at 12), that request is beyond the scope of a motion for reconsideration and is denied without prejudice.